IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEEP FIX, LLC, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-18-0948 |
| § | | |
| MARINE WELL CONTAINMENT § | | |
| COMPANY, LLC, § | | |
|     Defendant. § | | |

## MEMORANDUM AND ORDER

This patent case is before the Court on the Bill of Costs [Doc. # 225-1] filed by Defendant Marine Well Containment Company, LLC ("MWCC"), seeking $38,268.00 in taxable costs. Plaintiff Deep Fix, LLC ("Deep Fix") filed Objections [Doc. # 228], to which MWCC filed a Reply [Doc. # 234]. The Court has a clear recollection of the proceedings in this case, and has carefully reviewed the record and applicable legal authorities. On that basis, the Court **overrules** Deep Fix's Objections and **awards** MWCC its taxable costs in the amount of **$38,268.00**.

## I.    BACKGROUND

Charles Adams was the sole inventor of a cap valve covered by United States Patent No. 8,833,393 ("the '393 Patent"). Through a series of assignments, Deep Fix asserts sole ownership of all interest in the '393 Patent.

MWCC is a consortium of major oil and gas companies. MWCC manufactures oil and gas well containment systems used in well blowout situations. Deep Fix filed this patent infringement lawsuit on March 26, 2018, alleging that MWCC was infringing the claims of the '393 Patent.

The Court conducted a hearing pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996) ("*Markman* Hearing"). Based on the evidence presented at the hearing, the Court issued an April 24, 2019 Memorandum and Order on Claim Construction [Doc. # 127], construing the disputed claim terms. Later, on September 5, 2019, the Court issued a Memorandum and Order [Doc. # 162] denying Deep Fix's Motion seeking reconsideration of the Court's claim construction ruling. Based on the Court's construction of certain disputed claim terms, Deep Fix conceded that it could not prove infringement by MWCC.

MWCC's affirmative defense of inequitable conduct was tried to the Court in January 2020. Following post-trial briefing, the Court issued its Findings of Fact and Conclusions of Law [Doc. # 219] on February 18, 2020. The Court ruled that MWCC had proved its inequitable conduct defense by clear and convincing evidence. The Court entered Final Judgment [Doc. # 224] on February 27, 2020.

On March 12, 2020, MWCC filed its Bill of Costs [Doc. # 225-1] with supporting documentation. Deep Fix filed timely objections. The issue of costs has been fully briefed and is now ripe for decision.

## II. LEGAL STANDARD FOR TAXABLE COSTS

Unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise, "costs -- other than attorney's fees -- should be allowed to the prevailing party." FED. R. CIV. P. 54(d). "The rule creates 'a strong presumption' in favor of awarding costs to a prevailing party, and 'a district court may neither deny nor reduce a prevailing party's request for cost[s] without first articulating some good reason for doing so.'" *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 128 (5th Cir. 2015) (quoting *Manderson v. Chet Morrison Contractors, Inc.*, 666 F.3d 373, 384 (5th Cir. 2012)).

By statute, federal courts may award only those costs itemized in 28 U.S.C. § 1920, absent explicit statutory or contractual authorization to the contrary. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444-45 (1987); *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010). A court may tax only the following costs: fees of the clerk and marshal; fees for printed or electronically recorded transcripts necessarily obtained for use in the case; fees and disbursements for printing and witnesses; fees for exemplification and the costs of making copies of

any materials where the copies are necessarily obtained for use in the case; docket fees under 28 U.S.C. § 1923; and compensation of certain court appointed experts and interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828. *See* 28 U.S.C. § 1920.

Deep Fix does not challenge MWCC's general right to recover its taxable costs under Rule 54(d) and § 1920. Instead, Deep Fix argues that it acted in good faith and is financially unable to pay costs. Additionally, Deep Fix objects to certain items included in MWCC's Bill of Costs.

## III. <u>ANALYSIS</u>

### A. <u>Good Faith and Inability to Pay</u>

Deep Fix argues that taxable costs should not be assessed because it acted in good faith and because it is financially unable to pay MWCC's taxable costs. In support of this argument, Deep Fix lists certain factors, including the losing party's limited financial resources, from *Pacheco v. Mineta*, 448 F.3d 783 (5th Cir. 2006). *See* Objections, p. 2. The Fifth Circuit's list of factors in *Pacheco*, however, was simply various factors that had been considered by several circuits in other cases. The Fifth Circuit specifically declined to decide whether any of the factors would justify the denial of taxable costs to the prevailing party. *See Pacheco*, 448 F.3d at 794 n.18; *see also Mercer v. Patterson-UTI Drilling Co., L.L.C.*, 717 F. App'x 400, 406 (5th

Cir. 2017). Contrary to Deep Fix's argument, the Fifth Circuit in *Pacheco* "made no holding that good faith plus one factor requires denying costs to a prevailing party." *See Mercer*, 717 F. App'x at 406. The Fifth Circuit in *Pacheco* did hold, however, that "the losing party's good faith is alone insufficient to justify the denial of costs to the prevailing party." *Pacheco*, 448 F.3d at 795. Therefore, whether Deep Fix pursued this lawsuit in good faith is not a basis to deny MWCC its recovery of taxable costs.[1]

Deep Fix argues also that MWCC is a consortium of large oil companies and Deep Fix has no assets other than the '393 Patent. The rule in the Fifth Circuit is that "reducing or eliminating a prevailing party's cost award based on its wealth -- either relative or absolute -- is impermissible as a matter of law." *See Moore v. CITGO Ref. & Chemicals Co., L.P.*, 735 F.3d 309, 320 (5th Cir. 2013); *see also Long*, 807 F.3d at 129 (noting that the Fifth Circuit has "never held that the 'limited resources' of the losing party provide a basis for denying the prevailing party its costs").

Additionally, the Court notes that Deep Fix's claim of poverty is not meaningfully supported by the record. The only evidence of an inability to pay

---

[1] MWCC has also filed a Motion for an Award of Attorneys' Fees and Non-Taxable Costs under 35 U.S.C. § 285. In connection with that Motion, whether Deep Fix litigated this case in an unreasonable manner will be a relevant issue. *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).

MWCC's taxable costs is the affidavit of George Harvey, Sr., a manager of Deep Fix, but there is no documentation to support his statement that all "monies contributed" to Deep Fix "have been completely expended." *See* Declaration of Plaintiff Deep Fix, Exh. 1 to Objections, ¶ 4. Moreover, Deep Fix's allegation that its "monies . . . have been completely expended" and it has no funds is refuted by the record -- Deep Fix has demonstrated an ability to pay the costs required to pursue an appeal in this case, and to pay attorneys from multiple law firms to represent it before this Court and on appeal.[2]

Deep Fix's arguments regarding its good faith and its complete inability to pay MWCC's taxable costs fail to provide a legal or factual basis to deny costs to MWCC.

### B. Fees for Service of Summons and Subpoenas/Fees for Witnesses

Deep Fix argues that MWCC is not entitled to recover the fees for service of deposition subpoena and fees for witnesses for Bart Walz and George Harvey, Sr., because these individuals did not testify at trial.[3] Deep Fix argues that Walz and Harvey were subpoenaed for, and appeared at, only depositions and, therefore, the subpoena and witness fees were not necessary for trial. *See* Objections, pp. 4-5. The

---

[2] The docket sheet for this case reflects that on March 26, 2020, one week after Deep Fix filed its Objections attesting that its funds had been completely expended, Deep Fix filed its Notice of Appeal to the Federal Circuit, and paid the $505.00 filing fee. The Notice of Appeal is signed by attorneys from four different law firms.

[3] Bart Walz was a colleague of Adams, and Harvey is Deep Fix's manager.

requirement that items be "necessarily obtained for use in the case" is not restricted to actual use in the trial.[4] *See Long*, 807 F.3d at 130-32. Fees for issuance of deposition subpoenas and witness fees are recoverable as taxable costs under § 1920 if, at the time the deposition is taken, it appears likely that the testimony will be used in the case. *See Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991); *Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 429 (5th Cir. June 16, 2010). The Court finds that, at the time the depositions of Walz and Harvey were taken, MWCC could reasonably have expected the witnesses or the depositions to be used at trial or for trial preparation. Therefore, Deep Fix's objection that they were not used at trial is overruled.

Deep Fix argues that MWCC is not entitled to recover the fees paid for service of the subpoena, and the $40.00 witness fee, for Paul Janicke because Deep Fix's counsel "guaranteed" Janicke's appearance at trial. MWCC called Janicke as a witness during its case-in-chief. In order the ensure that Janicke was present to testify, MWCC was not required to rely on assurances from Deep Fix's counsel that Janicke

---

[4] The Court notes that the provision for recovery of fees for service of subpoenas and payment of witnesses fees does not include the specific requirement that they be incurred for use in the case, a stated requirement for transcript fees and copying costs. *See* 28 U.S.C. § 1920.

would appear. Instead, MWCC served a trial subpoena on Janicke and paid him the $40.00 witness fee. These fees are recoverable costs under § 1920.

### C. **Fees for Printed or Electronically Recorded Transcripts**

Deep Fix argues that MWCC's request for fees for the print transcripts and video recordings of the depositions of Walz and Harvey should be disallowed because they were not necessary for trial since only "minor, superfluous, portions were designated, and they were not necessary to any issue relevant to trial." *See* Objections, p. 4. Deep Fix argues that the print transcripts and video recordings of the depositions of designated experts Janicke and John Hughett should be disallowed because they "were expected at trial and their credibility was never in dispute." *Id*. These objections are overruled. As noted above, the costs of deposition transcripts are recoverable under § 1920 if, at the time the deposition was taken, it appeared likely that the testimony would be used in the case either for trial or for trial preparation. *See Fogleman*, 920 F.2d at 285; *Marmillion*, 381 F. App'x at 429. Portions of the Janicke and Harvey depositions were in fact used in the case. Whether a witness's credibility is in dispute is not a criterion for determining whether the cost of a deposition transcript is recoverable. Deep Fix cites no legal authority that supports its argument in this regard. Deep Fix's subjective view that the deposition transcripts were not necessary is not a basis for rejecting MWCC's request to recover these costs.

*See Long*, 807 F.3d at 130 ("To the extent that Long objects to these depositions and copies because he thinks they were not necessary for [the prevailing party's] use in the case, we reject this complaint."). Deep Fix's objections to the transcript fees for the depositions of Walz, Harvey, Janicke, and Hughett are overruled.

Deep Fix objects to MWCC's request for the costs of the trial transcript. *See* Objections, p. 4. Taxable costs under § 1920 include the fees for trial transcripts necessarily obtained for use in the case. *See Thanedar v. Time Warner, Inc.*, 352 F. App'x 891, 902 (5th Cir. Nov. 3, 2009); *Transverse, LLC v. Iowa Wireless Servs., LLC*, 2020 WL 614590, *5 (W.D. Tex. Feb. 7, 2020); *Evert Fresh Corp. v. Pactiv Corp.*, 2011 WL 2672353, *3 (S.D. Tex. July 7, 2011). In this case, MWCC obtained the trial transcript for use in the case, specifically to comply with the Court's instruction to review the transcript for any necessary corrections. Additionally, MWCC will need the trial transcript for the appeal filed by Deep Fix in this case on March 26, 2020. *See* Notice of Appeal [Doc. # 238]. Deep Fix's objection to the fees for the trial transcript is overruled.

### D. **Fees for Exemplification and Costs of Making Copies**

Deep Fix objects to MWCC's request to recover the cost of copies made in preparation for depositions, "reference materials," witness binders, excessive copies of exhibits for the *Markman* hearing and for trial, and copies of certain materials for

trial. *See* Objections, pp. 5-6. Deep Fix argues that the copies were not necessary for trial, were excessive, and were "substantially unutilized" at trial.[5]

As noted above, copying costs are recoverable under § 1920 if they were for copies necessarily obtained for use in the case, even if not actually used in a trial, if the party making the copies had a reasonable belief that the documents would be used "during trial or for trial preparation." *See Rundus v. City of Dallas, Tex.*, 634 F.3d 309, 316 (5th Cir. 2011) (citing *Fogleman*, 920 F.2d at 285). Copies made for use during depositions were likely to be used for trial preparation and, potentially, at trial. Although Deep Fix requested that MWCC reschedule four depositions, MWCC used the same copies for the rescheduled depositions. There are no duplicate charges.

Copies of reference material and of materials to include in the witness binders were for use at depositions and at trial. The Court overrules Deep Fix's objection that there was excessive copying of exhibits. MWCC has shown that copies of exhibits were made for experts, witnesses, counsel and the Court, as was appropriate. The challenged $106.39 copying cost for certain Deep Fix exhibits was for the necessary printing of the exhibits from an email sent from Deep Fix to MWCC. Although the

---

[5] Deep Fix does not object to the rate per page, which is only $.09 or $.10 per page, except for a limited number of color copies for which the rate is $.85 per page. The Court notes also that MWCC incurred (and paid) charges for items such as tabs and folders. MWCC does not, however, seek to recover these miscellaneous charges as taxable costs.

$18,767.49 for copying costs is substantial, the case was aggressively litigated, with each party asserting numerous claims and arguments that needed resolution by the Court. There were claim construction issues, extensive motion practice, and a two-day bench trial. The Court has carefully reviewed the copying charges and finds them justified. MWCC has supported its request and has demonstrated that the copies were obtained for use in the case. Deep Fix's objections are overruled.

## IV. **CONCLUSION AND ORDER**

MWCC has documented its taxable costs, which the Court finds were incurred for items necessarily obtained for use in this case. Deep Fix's claims of poverty are not supported by the record and do not provide a legal basis to deny or reduce MWCC's taxable costs. Based on the foregoing, it is hereby

**ORDERED** that Deep Fix's Objections [Doc. # 228] are **OVERRULED**. It is further

**ORDERED** that MWCC is awarded its taxable costs in the amount of **$38,268.00**.

SIGNED at Houston, Texas, this **10th** day of **April, 2020**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE