IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEEP FIX, LLC, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-0948 |
| | § | |
| MARINE WELL CONTAINMENT | § | |
| COMPANY, LLC, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This patent case is before the Court on the Motion to Refer the Case to Non-Binding Alternative Dispute Resolution ("Motion") [Doc. # 263] filed by Plaintiff Deep Fix, LLC and its counsel (collectively herein, "Deep Fix").[1] Defendant Marine Well Containment Company, LLC ("MWCC") filed its Opposition [Doc. # 268], and Deep Fix filed a Reply [Doc. # 272]. The Court has a clear recollection of the proceedings in this case, and has carefully reviewed the briefing and applicable legal authorities. On that basis, the Court **denies** Deep Fix's Motion.

The Court issued an April 24, 2019 Memorandum and Order on Claim Construction [Doc. # 127], construing the parties' disputed claim terms. Later, on September 5, 2019, the Court issued a Memorandum and Order [Doc. # 162] denying

---

[1] Also pending is MWCC's Motion for Rule 11 Sanctions for Deep Fix's Filing of Its Motion to Compel Non-Binding Mediation [Doc. # 269]. That motion will be addressed separately after briefing is completed.

Deep Fix's Motion seeking reconsideration of the Court's claim construction ruling. Based on the Court's construction of the disputed claim terms, Deep Fix conceded that it could not prove infringement by MWCC.

MWCC's affirmative defense of inequitable conduct was tried to the Court in January 2020. Following post-trial briefing, the Court issued its Findings of Fact and Conclusions of Law [Doc. # 219] on February 18, 2020. The Court ruled that MWCC had proved its inequitable conduct defense by clear and convincing evidence.

The Court entered Final Judgment [Doc. # 224] on February 27, 2020. On March 26, 2020, Deep Fix filed a Notice of Appeal [Doc. # 238] to the United States Court of Appeals for the Federal Circuit.

On May 5, 2020, Deep Fix filed the pending Motion, asking the Court to require mediation pursuant to Local Rule 16. The Local Rules of the Southern District of Texas provide that a "judge may refer any civil case to [mediation] on motion of any party, on the agreement of the parties, or on its own motion." S.D. TEX. R. 16.4.C. The Local Rule allows, but does not require, the Court to refer a civil case to mediation.

Deep Fix states that the parties would benefit from having a neutral to "help them evaluate the merits of their positions and facilitate appropriate settlement

negotiations." *See* Motion, p. 3. Deep Fix states that it believes the case can and should settle. *See id.*

Initially, the Court notes that Deep Fix's statements in its Motion are contrary to the representations it previously made in this case. In the Joint Pretrial Order filed December 6, 2019, the parties both represented that "[a]ll settlement offers in this case have been exhausted. There are no outstanding settlement offers. The case is not expected to settle." Joint Pretrial Order [Doc. # 192], p. 61. More recently, and importantly, in the Docketing Statement filed with the Federal Circuit on April 17, 2020, Deep Fix stated that it did not believe the case was amenable to mediation because the "parties remain far apart, defendant demanding significant attorney fees." *See* Docketing Statement [Doc. # 6 in Fed. Cir. Case No. 2020-1655]. In its Reply, Deep Fix explains that after the April 17, 2020 Docketing Statement was filed, *counsel for Deep Fix* engaged an attorney to represent them in responding to MWCC's Motion for Fees. *See* Reply, p. 3. This attorney, who now believes mediation would be beneficial, has been counsel of record for Deep Fix, LLC, in this case since March 7, 2019. *See* Notice of Appearance [Doc. # 88]. Indeed, he is one of the attorneys who signed the Joint Pretrial as counsel for Deep Fix. *See* Joint Pretrial Order, p. 65.

The Court has considered the parties' arguments about the viability of mediation and concludes that a mandatory mediation at this time is not appropriate. The Court agrees with Deep Fix that input from an unbiased attorney regarding the merits of Deep Fix's position on appeal could be beneficial, Deep Fix has not demonstrated a need to incur the expense and delay of a formal mediation to accomplish that goal. Deep Fix is free to consult with independent counsel outside the mediation process.

Furthermore, counsel in this case are sophisticated litigators. Given the continuing expense of litigation and appeals, the Court directs the parties to select one specific attorney from each of their teams to serve as Settlement Counsel. The two selected attorneys are directed to work with each other directly to explore options for settlement.

The Court will not require an unwilling party to participate in formal mediation. *See, e.g., Wells Fargo Bank Minn., N.A. v. Kobernick*, 2009 WL 2713194, *1 (S.D. Tex. Aug. 26, 2009). The Court does, however, encourage the parties to attempt to settle this case on their own.[2] Accordingly, it is hereby

---

[2] In the Reply, Deep Fix suggests that the case could be mediated by a United States Magistrate Judge. The resources of magistrate judges for mediation in the Southern District of Texas are stretched thin. Therefore, the Court will not refer this case to a Magistrate Judge for mediation unless (1) requested by **both** parties, and (2) through their private negotiations, the parties are no more than $200,000.00 apart.

**ORDERED** that Deep Fix's Motion to Refer the Case to Non-Binding Alternative Dispute Resolution [Doc. # 263] is **DENIED**.

SIGNED at Houston, Texas, this 21st day of **May, 2020**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE